# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

KIMBERLY NASH and
JEREMY NASH,

      Plaintiffs,

vs.                             No:

WILDERNESS DEVELOPMENT
CORPORATION D/B/A SOAKY
MOUNTAIN WATERPARK,

      Defendant.

## NOTICE OF REMOVAL

Comes Defendant, Wilderness Development Corporation, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and hereby removes this action to the United States District Court for the Eastern District of Tennessee at Knoxville from the Circuit Court for Sevier County, Tennessee, where this action is currently pending. In support of said Notice, Defendant states as follows:

## NATURE OF ACTION

1. This is a personal injury case based on allegations of negligence or premises liability. Plaintiff Kimberly Nash claims she suffered a personal injury as a business invitee of the Defendant, while Plaintiff Jeremy Nash, her husband, brings a claim for loss of consortium which he attributes to his wife's alleged injury. *See* ¶¶ 4-10 of Plaintiff's Complaint, a copy of which is included within the collective **Exhibit A** attached hereto.

2. Plaintiff commenced this action on August 10, 2023, by filing a Summons and Complaint in the Circuit Court for Sevier County, Tennessee, docketed under No. 23-CV-491-I, and captioned with the parties as styled above.

1

3. Defendant is a Wisconsin corporation with its principal place of business in the State of Wisconsin, and the amount in controversy exceeds $75,000.00, satisfying the grounds for this Court to exercise diversity jurisdiction.

4. Pursuant to the requirements of 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon this Defendant are attached hereto as previously identified as collective **Exhibit A**.

## REMOVAL IS TIMELY UNDER 28 U.S.C. § 1446(b)

5. Defendant received notice of this action by letter dated September 12, 2023, which enclosed a copy of the Summons and Complaint as well as Interrogatories addressed to Defendant. *See* Letter dated September 12, 2023, and Summons, which are included within the collective **Exhibit A** attached hereto.

6. This Notice of Removal is being filed within thirty (30) days after receipt of the copy of the Summons and Complaint setting forth the claim for relief upon which this action or proceeding is based and is therefore timely pursuant to 28 U.S.C. § 1446(b).

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000 UNDER 28 U.S.C. § 1332(a)

7. The Complaint on its face satisfies the amount in controversy required by 28 U.S.C. § 1332(a) insofar as the Plaintiffs, collectively, seek damages in an amount no less than Two Hundred Ninety-Five Thousand Dollars ($295,000.00). *See* ¶ 1 and pp. 4-5 of Complaint.

## THERE IS DIVERSITY OF CITIZENSHIP UNDER 28 U.S.C. § 1332(c)(1)

8. Plaintiffs have alleged that they are citizens and residents of Hamblen County, Tennessee, residing in Morristown, Tennessee. *See* ¶ 2 of Complaint, which is attached hereto as part of Collective **Exhibit A**.

9. Defendant Wilderness Development Corporation is a Wisconsin Corporation with its principal place of business in the State of Wisconsin. *See* ¶¶ 4 and 6 of the Affidavit in Support of Removal, attached hereto as **Exhibit B**.

10. With respect to a corporation, the place of incorporation and principal place of business are "paradig[m] . . . bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137, 134 S. Ct. 746, 760, 187 L. Ed. 2d 624, 640 (2014).

11. Defendant Wilderness Development Corporation is incorporated solely in the State of Wisconsin. *See* ¶ 5 of the Affidavit in Support of Removal, attached hereto as **Exhibit B**.

12. Defendant Wilderness Development Corporation maintains its headquarters in the State of Wisconsin, and directs, controls, and coordinates the corporation's activities from that location. Thus, the State of Wisconsin is its corporate nerve center, and its principal place of business. *See* ¶ 6 of the Affidavit in Support of Removal, attached hereto as **Exhibit B**.

13. Thus, Defendant Wilderness Development Corporation is domiciled in the State of Wisconsin.

14. Pursuant to 28 U.S.C. § 1332(c)(1), full diversity exists among the parties in this action as Defendant is domiciled in a different state from that in which Plaintiff is domiciled.

15. Diversity jurisdiction is therefore appropriate pursuant to 28 U.S.C. § 1332(a)(1). This Court has subject matter jurisdiction over this action.

## PLEA FOR REMOVAL

16. Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

17. Insofar as the amount in controversy exceeds $75,000.00 and full diversity exists between the parties, removal is proper pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446.

18. Pursuant to 28 U.S.C. § 1446(d), Defendant states that it will promptly serve this Notice of Removal of the action on all adverse parties and promptly will file a copy of this Notice of Removal with the Clerk for the Circuit Court of Sevier County, Tennessee. The Notice of Filing Notice of Removal, which will be filed with the Clerk for the Circuit Court of Sevier County, Tennessee, is attached hereto as **Exhibit C**.

19. Removal to the United States District Court for the Eastern District of Tennessee at Knoxville is proper under 28 U.S.C. § 1441(a) as the Eastern District of Tennessee encompasses Sevier County, Tennessee pursuant to 28 U.S.C. § 123(a)(1).

## CONCLUSION

By this Notice of Removal, Defendant does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action. Defendant intends no admission of fact, law or liability by this Notice, and expressly reserves all defenses, motions, and/or pleas.

**WHEREFORE**, Defendant hereby files this Notice of Removal so that the entire State Court Action under No. 23-CV-491-I, now pending in the Circuit Court for Sevier County, Tennessee, shall be removed to this Court for all further proceedings.

This the 28th day of September, 2023.

>*/s/ Benjamin C. Mullins*
>Benjamin C. Mullins (BPR No. 20924)
>Michael A. C. Lee (BPR No. 40127)
>**FRANTZ, MCCONNELL & SEYMOUR, LLP**
>P.O. Box 39
>Knoxville, TN 37901
>(865) 546-9321
>*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing document has been served this 28th day of September, 2023, upon all counsel or parties as listed below at interest in this cause by delivering a true and exact copy to the offices of said counsel or parties or by placing a copy in the United States mail addressed to said counsel or parties at his/her office, with sufficient postage to carry it to its destination, or by special overnight courier; if the foregoing document has been electronically filed with the Court, this service has been made only upon counsel or parties to whom the Court does not furnish electronic copies of filings.

F. Braxton Terry, Esq.
The Terry Law Firm
116 East Main Street
Morristown, TN 37815-0724

>*/s/ Benjamin C. Mullins*
>Benjamin C. Mullins
>**FRANTZ, MCCONNELL & SEYMOUR, LLP**

S:\WDOX\Clients\6746\000025\NOTICES\02646575.DOCX

5

Case 3:23-cv-00352-DCLC-DCP   Document 1   Filed 09/28/23   Page 5 of 5   PageID #: 5